Court of Appeals for Hamilton County.

STATE, EX REL JOHN L. BLOOM, v. BOARD OF
EDUCATION OF CINCINNATI.

Decided, May 10, 1914.

*Mandamus—School Janitor Fails to Appear When Cited by the Board to Answer to Charges—Estopped Thereby from Being Granted Relief in Court.*

Mandamus does not lie upon the petition of a school janitor-engineer to require the board of education to prefer charges against him and give him an opportunity to be heard, where specific charges were theretofore preferred against him and a date set for the hearing which he ignored, whereupon he was notified that his services would be no longer required.

*J. B. Derbes* and *E. Scott King,* for plaintiff in error.
. *Alfred Bettman,* City Solicitor, contra.

JONES, O. B., J.; SWING, J., and JONES, E. H., J., concur.

Error to common pleas court.

Relator was a janitor-engineer of Woodward High School and as such received from the board of education of Cincinnati the sum of $6,999 per year out of which sum he was required to pay for his help and to furnish certain material, netting said relator an average of $100 per month.

By a letter from the chief engineer, June 17, 1911, he was notified that his services would not be required by the board of education after June 24, 1911. He demanded to know the charges against him and that he be given a hearing. On July 3, 1911, the board of education passed the following resolution:

"*Be it Resolved,* That there exists a cause relating to the suitableness and capacity of John L. Bloom to perform his duties as engineer-janitor of Woodward High School which is sufficient to justiffy his removal in this, to-wit: that the said John L. Bloom has violated the rules governing the janitor service of the Cincinnati public schools in that—

"First, he has been insolent to teachers, the principal and to his superiors; and

"Second, he has used intoxicating liquor while on duty; and

"Third, he has been inefficient in his care of the said building.

"*Be it Further Resolved,* That the clerk is hereby directed to send a copy of this resolution to the said John L. Bloom and another copy thereof to the civil service commissioners.

"*Be it Further Resolved,* That the said John L. Bloom be given a reasonable opportunity to be heard in his own behalf. upon the said charges."

A copy of this resolution was sent to the relator and another copy to the civil service commission of the city of Cincinnati. Said commission fixed July 17, 1911, for hearing said matter and so notified the relator.

Instead of presenting himself for such hearing before the civil service commission at that date or attending the meeting of the board of education and demanding a hearing by it, the relator brought this proceeding below wherein he sought by mandamus to require the board of education to prefer charges against him and give him an opportunity to be heard before said board and after said hearing to determine the said charges and if sustained to certify same to the civil service commission.

The writ of mandamus was properly denied. The resolution of the board of education as passed preferred specific charges and offered him reasonable opportunity to be heard in his own behalf and the record fails to show that he availed himself of such opportunity. It seems unnecessary for him to seek by mandamus to obtain that which he had already been afforded. It appears from the record in this case that his position with the board of education was not that of an employee coming within the terms of the General Code but was in the nature of a contract relation. *Lehigh Coal & Nav. Co.* v. *Railway,* 29 N. J. Eq., 252; *Rogers* v. *Railway,* 31 S. C., 220.

Judgment affirmed.